Preben JESSEN, Plaintiff–Appellee,

v.

TOWN OF EASTCHESTER, Defendant,

Jim Cavanaugh, individually, Thomas F. Doherty, Jr., individually, Vicki C. Ford, individually, Gary C. Delvecchio, individually, Defendants–Appellants.

No. 1503, Docket 96–9509.

United States Court of Appeals, Second Circuit.

Argued May 8, 1997.

Decided May 16, 1997.

---

John M. Flannery, White Plains (Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, of counsel), for Defendants–Appellants.

Craig T. Dickinson, White Plains (Lovett & Gould, White Plains, of counsel), for Plaintiff–Appellee.

Before: FEINBERG, CARDAMONE, and LEVAL, Circuit Judges.

PER CURIAM:

Defendants appeal from an order of the United States District Court, Southern District of New York, Barrington D. Parker, Jr., *Judge,* denying their motion seeking to dismiss the complaint by reason of absolute legislative immunity.

Jessen brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants, who are Republican members of the Eastchester Town Board, fired him and terminated his position in retaliation for his constitutionally protected political activities. The complaint alleges, in substance, the following.

In 1981 the Town of Eastchester (the "Town") enacted Local Law 2, which established the Department of Lake Isle Operations (the "Department") to manage Lake Isle, a country club owned by the Town. Local Law 2 created the positions of Director and Deputy Director of the Department and provided that the Town Board would have the power to fill them.

In 1984, the Town Board appointed Jessen Director of the Department on the motion of James P. Doody, a Democrat who was then Town Supervisor. After his position was reclassified as a competitive civil service position with the title of Park Superintendent for Lake Isle, Jessen acquired tenure on May 17, 1988. As a result of Jessen's status as a "veteran" under the New York Civil Service Law, he also obtained a property interest in his position.

Since 1983, the Town Board has licensed the Lake Isle catering operations to Carf Caterers, Inc. ("Carf"). In 1995, the defendants conspired with Carf, a political ally, to eliminate Jessen's position because Jessen had been outspoken in criticizing Carf and supporting Doody, their Democratic adversary. Before March 1, 1996, defendants met secretly and agreed to discharge Jessen, eliminate his position, and to do so in a manner that would minimize public opposition and "maximize the emotional impact" upon Jessen. On March 1, 1996, defendant Cavanaugh told Jessen that he was "fired" and ordered him to remove his belongings and leave his office "immediately." On March 5, 1996, defendants caused the Town Board to pass a motion abolishing Jessen's position. Shortly thereafter, the Town Board contracted with Carf to manage Lake Isle.

Claiming entitlement to absolute legislative immunity, defendants moved to dismiss the complaint. The district court denied the motion. Defendants appealed.

On appeal, defendants argue that the elimination of Jessen's position was a legislative act for which they are entitled to absolute immunity from suit. We need not, and expressly do not, address the merits of this contention. The complaint alleges that four days before the Town Board passed the motion abolishing Jessen's position, Cavanaugh, acting pursuant to a conspiracy with the other defendants, told Jessen that he was fired and ordered him to leave his office. The injury inflicted on Jessen by the firing thus preceded the Town Board's vote to eliminate his position. Even assuming, without deciding, that the elimination of Jessen's position was a legislative act, his earlier termination from a position which then, at least briefly, remained open was an administrative act that legislative immunity does not protect. *See Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988).

Because the complaint alleges that defendants fired Jessen before eliminating his position through any legislative action, the district court properly denied their motion to dismiss. We therefore affirm its ruling. We express no view on whether the alleged acts in fact occurred, whether they gave rise to

any liability, whether the subsequent elimination of Jessen's position by the Town Board was shielded by legislative immunity, or whether such subsequent legislative elimination limits any damages Jessen may recover by reason of the earlier firing.