11-3563-cv
Olma v. Collins

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**


**S U M M A R Y   O R D E R**

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of October, two thousand twelve.

Present:   RALPH K. WINTER,

REENA RAGGI,

DEBORAH ANN LIVINGSTON,

Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY B. OLMA,

Plaintiff-Appellee,

v.                                              11-3563-cv

CHRIS COLLINS, Individually, CHRISTOPHER M. GRANT, Individually, JOHN GREENAN, Individually, COUNTY OF ERIE, GREGORY SKIBITSKY, Individually,

Defendants-Appellants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARING FOR APPELLANTS:Jeremy A. Colby, Erie County Department of Law, Buffalo, New York.

APPEARING FOR APPELLEE:  James Ostrowski, Buffalo, New York.

     Appeal from an order by the United States District Court for the Western District of New York (Arcara, <u>J</u>.).

UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of said court be and hereby is AFFIRMED in part, VACATED in part, and REMANDED.

     Chris Collins, Christopher Grant, John Greenan, the County of Erie, and Gregory Skibitsky appeal from Judge Arcara's order denying their motion to dismiss based on legislative immunity. Appellants assert that the district court erred in concluding that it lacked sufficient factual information to conclude as a matter of law that appellants' actions were protected by legislative immunity.  We assume familiarity with the underlying facts, the procedural history, and the issues presented for review.

     When a district court denies absolute or qualified immunity in response to a motion to dismiss, we review the district court's denial <u>de novo</u>.  <u>State Emps. Bargaining Agent Coal. v. Rowland</u>, 494 F.3d 71, 82 (2d Cir. 2007).  Accepting as true all factual allegations in the complaint, we conclude that the individual appellants, but not the County of Erie, are entitled to absolute legislative immunity.

2

State, regional, and local legislators are entitled to absolute immunity from liability under 42 U.S.C. § 1983 for official action undertaken in "the sphere of legitimate legislative activity."  Tenny v. Brandhove, 341 U.S. 367, 376 (1951) (state legislators); Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 404-05 (1979) (regional legislators); Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998) (local legislators).

More pertinently, "[l]egislative immunity shields from suit not only legislators, but also officials in the executive and judicial branches when they are acting 'in a legislative capacity.'"  Rowland, 494 F.3d at 82 (quoting Bogan, 523 U.S. at 55 (finding that actions by mayor that were "integral steps in the legislative process" were protected by legislative immunity)); see also Supreme Court v. Consumers Union of the U.S., Inc., 446 U.S. 719, 734 (1980) (holding that Virginia Supreme Court justices were entitled to legislative immunity for actions taken in their legislative capacities).  "Under the Supreme Court's functional test [for determining the applicability] of absolute legislative immunity, whether immunity attaches turns not on the official's identity, or even on the official's motive or intent, but on the nature of the act in question."  Almonte v. City of Long Beach, 478 F.3d 100, 106 (2d Cir. 2007); see also Bogan, 523 U.S. at 54-55.

3

Olma's position was eliminated in a budget amendment approved by the Erie County Legislature on February 7, 2008. Olma was thereafter terminated by letter dated February 15, 2008. He was not administratively fired prior to the passage of the budget. Cf. Jessen v. Town of Eastchester, 114 F.3d 7, 8 (2d Cir. 1997) (upholding district court's denial of motion to dismiss based on legislative immunity "[b]ecause the complaint allege[d] that defendants fired Jessen before eliminating his position through any legislative action").

The individual appellants acted "in a legislative capacity," Bogan, 523 U.S. at 55, when they prepared and submitted to the City Council the proposed budget amendment and accompanying memo suggesting elimination of the position filled by Olma. See id. (finding that mayor's introduction of budget was legislative, even though mayor was an executive official). Their motives for preparing and submitting the proposed budget amendment and memo are irrelevant for purposes of the immunity analysis. Id. at 54-55 (holding that legislative immunity depends on the nature of the act, rather than the motive or intent of the official performing it).

Accordingly, the individual appellants, sued in their personal capacities, are entitled to legislative immunity, and the order of the district court is vacated insofar as it applies to them.

4

However, the County of Erie does not enjoy the immunity. In Rowland, we stated:

> While legislative immunity is available to local officials who are sued in their individual capacities, see Bogan, 523 U.S. at 54, the Supreme Court has made clear that, due to the historical unavailability of various immunity defenses to local governments, those governments (or "municipal corporations") are not entitled to the benefit of any immunities that might be available to local officials sued under § 1983. See Owen v. City of Independence, 445 U.S. 622, 638 (1980) ("[T]here is no tradition of immunity for municipal corporations, and neither history nor policy supports a construction of § 1983 that would justify the qualified immunity accorded [defendant municipality]"); see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993) ("[U]nlike various government officials, municipalities do not enjoy immunity from suit -- either absolute or qualified -- under § 1983."); Goldberg [v. Town of Rocky Hill], 973 F.2d [70,] 73 [(2d Cir. 1992)] (noting that "the immunities historically granted other government actors in § 1983 actions had not been available to municipal corporations").

494 F.3d at 86.

For the foregoing reasons, the order of the district court is hereby VACATED in part, AFFIRMED in part, and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk